IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02559-LTB-MJW

LORI GARNER,

Plaintiff,

v.

U.S. BANK NATIONAL ASSOCIATION, et al.,

Defendants.

---

# RECOMMENDATION THAT
# SANCTIONS BE IMPOSED UPON THE PLAINTIFF (INCLUDING DISMISSAL OF THIS ACTION) BASED UPON PLAINTIFF'S FAILURE TO APPEAR, FAILURE TO PROSECUTE, AND FAILURE TO COMPLY WITH COURT ORDERS

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to United States Magistrate Judge issued by District Judge Lewis T. Babcock on February 20, 2008. (Docket No. 4).

This action was commenced on December 10, 2007. (Docket No. 1). In an Order Setting Scheduling/Planning Conference filed on February 28, 2008 (Docket No. 9), a Rule 16 Scheduling/Planning conference was set to be held on April 10, 2008, at 8:30 a.m. In that Order, counsel and any pro se parties were ordered to hold a pre-scheduling conference meeting and prepare a proposed Scheduling Order in accordance with Fed. R. Civ. P. 26(f) on or before 21 days before the scheduling conference, to submit their proposed Scheduling Order and confidential settlement

statements to the court no later than five days prior to the scheduling conference, and to comply with the mandatory disclosure requirements of Fed. R. Civ. P. 26(a)(1) on or before 14 days after the pre-scheduling conference meeting.  A copy of that Order was mailed to the pro se plaintiff at the address she provided on her Complaint, and it was not returned to the court as undeliverable by the U.S. Postal Service.

Subsequently, upon motion by defendant Ana Maria Peters-Ruddick, in a Minute Order dated March 26, 2008 (Docket No. 16), that conference was vacated and reset to April 30, 2008, at 10:00 a.m., and the parties were directed to file their proposed Rule 16 Scheduling Order five days prior to the conference. (Docket No. 16).  In addition, in that Minute Order, plaintiff was ordered to file with the court her written proof of service upon co-defendant U.S. Bank National Association on or before April 11, 2008, or show cause why this case should not be dismissed as against that defendant for failure to prosecute and for failure to comply with Fed. R. Civ. P. 4(m).  (Docket No. 16).  A copy of that Minute Order was mailed to the pro se plaintiff at the address she provided on her Complaint, and it was not returned to the court as undeliverable by the U.S. Postal Service.

Despite the clear notice of the scheduling conference on May 30, 2008, at 10:00 a.m., and the other requirements of the parties prior to that conference, the plaintiff failed to appear for the conference, did not meet with defense counsel prior to the conference, failed to submit a proposed scheduling order and a confidential settlement statement, and apparently failed to comply with the mandatory disclosure requirements of Rule 26(a)(1).  In addition, plaintiff did not comply with this court's order directing her to file with the court her written proof of service upon co-defendant U.S. Bank National

Association on or before April 11, 2008, or show cause why this case should not be dismissed as against that defendant for failure to prosecute and for failure to comply with Fed. R. Civ. P. 4(m). (Docket No. 16).

Consequently, in an Order to Show Cause and Order Resetting Scheduling/Planning Conference issued on April 30, 2008 (Docket No. 24), the court found as follows. Plaintiff was provided notice of the April 30, 2008, conference and the other pre-conference requirements. Nevertheless, the plaintiff failed to appear, did not move for a further continuance of the conference, did not have counsel enter an appearance on her behalf, and did not even telephone the court at the time set for the conference. The weather in Denver on April 30, 2008, at 10:00 a.m. was sunny and clear, and the roads were clear. Defense counsel appeared for the conference as directed and submitted his own proposed Scheduling Order. (Docket No. 20). Defense counsel noted in that proposed Scheduling Order:

> In an attempt to confer prior to the Scheduling/Planning Conference as set forth in the Court's order of February 28, 2008 [9] and the Court's Minute Order of March 26, 2008 [16], counsel for Ana Maria Peters-Ruddick has called Plaintiff Lori Garner to discuss the matters required by Rule 26(f). Counsel called Plaintiff Lori Garner (303-522-2920) on April 1, 2008 at 5:35 PM, and on April 3, 2008 at 10:35 AM and left voice messages requesting a return telephone call to set up a meeting or to discuss the matters required by the Court associated with the Scheduling Order. Counsel called Plaintiff Lori Garner (303-522-2920) on April 4, 2008 at 2:05 PM and on April 7, 2008 at 10:55 AM and attempted to leave a voice message to discuss the issues associated with the Scheduling Order; the voice mail box indicated that it was full and that a return call should be made at a later date/time. Counsel previously notified the Court and Plaintiff in the Motion to Vacate Scheduling Conference [14] that counsel would be on vacation from April 9-21, 2008. Plaintiff Lori Garner did not return any telephone calls prior to said vacation. Upon return from vacation on April 22, 2008, counsel's voice mail indicated that Plaintiff Lori Garner had called on Monday, April 21, 2008 to discuss a Motion to Consolidate; there was no statement regarding the Scheduling Order. In

>an attempt to confer, counsel left another voice message for Plaintiff Lori Garner at 1:58 p.m. on April 22, 2008. Counsel has not had any discussions with Plaintiff to address the issues in the Scheduling Order.

(Docket No. 20 at 2-3).

In that Order (Docket No. 24), this court further set forth the pertinent language in Rules 41(b), 16(f), 37(b)(2)(A) (ii)-(vii), and 4(m) of the Federal Rules of Civil Procedure. Significantly, the court highlighted the potential sanction of "**dismissing the action or proceeding in whole or in part**." In addition, the court directed that on May 15, 2008, at 11:30 a.m. in Courtroom A-502, Fifth Floor, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado, a Show Cause Hearing would be held during which the plaintiff was ordered to appear in person and show cause why this case should not be dismissed pursuant to Fed. R. Civ. P. 16(f) and/or 41(b) based upon plaintiff's failure to appear, failure to prosecute, and failure to comply with court orders and why this action should not be dismissed as against defendant U.S. Bank Association pursuant to Fed. R. Civ. P. 4(m). Plaintiff was advised that "in addition to a recommendation that this action be dismissed, other sanctions that may very well be imposed are defendant's attorney fees and costs and a finding and order of contempt." Plaintiff was further instructed that at that hearing, plaintiff was to also update the court on the status of all of her related actions that are pending in this court and state court. In addition, the Rule 16 Scheduling/Planning Conference was reset to May 15, 2008, at 11:30 a.m. in Courtroom A-502, Fifth Floor, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado. Plaintiff was directed to contact defense counsel immediately to arrange the requisite pre-scheduling conference meeting and to prepare a joint proposed

Scheduling Order, which was to be submitted to the court on or before May 12, 2008.  A copy of that Order was mailed to the plaintiff, and that copy has not been returned to the court as undeliverable by the U.S. Postal Service.

On May 12, 2008, defense counsel submitted a Memorandum/Status Report RE: Scheduling Order (Docket No. 25), advising the court of the following:

> On Thursday, May 1, 2008, at 10:06 AM, counsel for Ana Maria Peters-Ruddick called Plaintiff Lori Garner (303-522-2920) and left a voice message which summarized the Court's April 30, 2008 orders and identified dates and times that counsel was available for the pre-scheduling conference meeting.
>
> On Friday, May 2, 2008 at 3:00 PM, counsel again called Plaintiff Lori Garner and spoke to her.  At that time, Lori Garner agreed to meet at my office for the pre-scheduling conference meeting on Wednesday, May 7, 2008 at 10:00 AM.
>
> On Wednesday morning, May 7, 2008, when I arrived at my office, there was a voice message from Lori Garner which had been left during the evening of Tuesday, May 6, 2008.  The message from Plaintiff Lori Garner indicated that she would be unable to attend the pre-scheduling conference meeting on that day because she had to leave the Denver area due to a family emergency.  In her voice message, Lori garner suggested we attempt to use e-mail correspondence to prepare a new Scheduling Order and she provided me with her e-mail address.
>
> On Wednesday, May 7, 2008 at 1:38 PM, I sent an e-mail message to Plaintiff Lori Garner and, as attachments to this message, I included a copy of the District Court's Appendix F Draft Scheduling Order and a copy of the Scheduling Order [20] which I had submitted to the Court.  (The attachments were sent in WORD format to allow for editing.)  These attachments were provided to assist Plaintiff in the preparation of a new scheduling order.
>
> On May 12, 2008, when I arrived at my office, there was no voice message from Plaintiff Lori Garner and there was no e-mail message from Plaintiff Lori Garner concerning the pre-scheduling conference or the Scheduling Order.  The only contact with Plaintiff Lori Garner has been the May 2, 2008 telephone call noted above.
>
> Since there have been no discussions with Plaintiff Lori Garner

concerning the matters to be addressed in the Scheduling Order, counsel for Defendant Ana Maria Peters-Ruddick has no amendments to the Scheduling Order [20] previously submitted.

(Docket No. 25 at 1-3).

Despite the clear notice of the hearing and the plaintiff's obligations, plaintiff failed to appear on May 15, 2008, at 11:30 a.m. as ordered by this court. In addition, plaintiff has not updated the court as to the status of her related actions in this court and in state court, still has not filed proof of service on defendant U.S. Bank Association, did not arrange or attend a pre-scheduling conference meeting, did not prepare a joint proposed Scheduling Order, did not submit a confidential settlement statement, and apparently has not complied with the mandatory disclosure requirements of Rule 26(a)(1). The plaintiff did not seek a continuance of the May 15 hearing/conference and did not telephone the court at the time set for the hearing/conference, nor did counsel appear on her behalf. The court attempted to reach the plaintiff at the time set for the hearing but was able to reach only plaintiff's voice mail. The weather was clear and sunny at the time set for the hearing, and the roads were clear. As of 11:40 a.m., plaintiff had not appeared.

Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

Furthermore, Rule 16(f) provides in pertinent part that "[o]n motion or on its own,

the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference . . . . or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Rule 37(b)(2)(A) (ii)-(vii), which is referenced in Rule 16(f), permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) **dismissing the action or proceeding in whole or in part**;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) **treating as contempt of court the failure to obey any order** except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added). Rule 16(f)(2) further provides that "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses–including attorney's fees–incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an aware of expenses unjust." Fed. R. Civ. P. 16(f)(2).

In addition, Fed. R. Civ. P. 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m). In this case, more than 120 days have passed since the Complaint was filed, yet the plaintiff has still not filed proof of service on defendant U.S. Bank Association, even after this court directed her to do so.

Based upon the foregoing, which demonstrates the plaintiff's failure to appear, failure to prosecute, and failure to comply with court orders (even after being warned of the possible penalties), it is hereby

**RECOMMENDED** that (1) this action be dismissed pursuant to Fed. R. Civ. P. 16(f) and/or 41(b) based upon plaintiff's failure to appear, failure to prosecute, and failure to comply with court orders, (2) this action be dismissed as against defendant U.S. Bank Association pursuant to Fed. R. Civ. P. 4(m), and (3) plaintiff be directed to pay the defendant's attorney fees and costs. It is further

**RECOMMENDED** that if the above recommendation is accepted and approved, that the pending Defendant's Motion to Dismiss (Docket No. 2) and Motion to Consolidate Pursuant to 28 U.S.C. § 1367(a) (Docket No. 19) be denied as moot.

Dated: May 20, 2008　　　　s/ Michael J. Watanabe
　　　　Denver, Colorado　　　Michael J. Watanabe
　　　　　　　　　　　　　　　United States Magistrate Judge